HOBSON, Acting Chief Judge.
The State appeals an order of the trial court dismissing an information charging the sale of a controlled substance, to wit: cannabis.
The facts pertinent to the dismissal of the information arose from a negotiated plea to a prior information charging the appellee with possession of a controlled substance. Appellee was arrested for pos *60 session on October 18, 1973. On February 19, 1974, as a result of plea negotiations, appellee pled guilty to the lesser included offense of misdemeanor possession of marijuana. Subsequent to this, on March 1, 1974, the State Attorney filed the information involved in the instant case. Appellee filed his motion for dismissal. This motion alleged the facts aforementioned, together with the fact that during the plea negotiations on the former charge one Deputy Mathews informed appellee’s counsel that there were no outstanding warrants for the arrest of the appellee. This alleged statement of Mathews was neither confirmed nor denied by the State.
After hearing on the motion the trial court ruled that the State was under an affirmative duty during plea negotiations to inform the defendant of any information (or as in this case, other criminal acts) within the State’s knowledge which is pertinent or might be pertinent as affecting the defendant’s position when negotiating the plea. The trial court further held that this was a denial of due process and therefore entered its order dismissing the subsequent information.
The sole point involved in this appeal is whether or not it is a denial of due process for the State to fail to inform a defendant during plea negotiations of any other criminal acts within the knowledge of the State.
It is uncontradicted that the appellee during the plea negotiations did not inquire of the State whether or not there were any other pending charges against him. It is true that the appellee alleged in his motion to dismiss that Deputy Mathews had informed him that at the time of the plea bargaining there was no outstanding warrant for his arrest; however, this was not admitted by the State and as Deputy Mathews was on vacation his testimony was not taken. Therefore, the record is silent as to whether or not Deputy Mathews in fact made the statement.
Criminal Rule of Procedure 3.171 concerning plea discussions and agreements places no duty on the State to divulge this type of information to the defendant during negotiations. In the instant case the State gave its reason for not disclosing the pending charge as being that the sale involved therein was made to an undercover agent and to disclose the undercover agent at that time would be detrimental to the State’s position.
 We cannot say that the State has an affirmative duty to disclose other pending charges of which it has knowledge to a defendant when bargaining a plea on a separate charge. It also is not a denial of fundamental due process. In securing agreements under Criminal Rule of Procedure 3.171 between an accused and a prosecutor, such negotiations should be conducted in such a manner to be completely fair to both the accused and the State.[1] If in fact Deputy Mathews misled the appellee, the plea bargaining negotiations were not conducted in a fair manner and the appel-lee entered his guilty plea under a misapprehension of the true facts. As previously noted, we cannot determine from the record what Deputy Mathews had disclosed to the appellee.
Upon remand the trial court is directed to take the testimony of Deputy Mathews and any other evidence pertaining to whether or not the appellee was misinformed during the plea negotiations and whether or not the State made any promises during such negotiations which were subsequently broken. If, upon remand, the trial court determines that the appellee was misled by the statements of Deputy Mathews or that the State has broken any promises which it made pertaining to the negotiations for the plea, the trial court has the discretion as to what ultimate relief should be granted the appellee; i. e., allow him to withdraw his plea of guilty *61 induced by the negotiations or the dismissal of the second charge involved in the instant cause. See Santobello, supra.
Reversed and remanded with instructions.
BOARDMAN and GRIMES, JJ., concur.

. Santobello v. N. Y., 401 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427.